## W. L. WRAYBOURN *v.* THE STATE.

1. RECOGNIZANCE stated that the defendant was accused of "destroying a fence in M. county." *Held*, that the recognizance does not comply with the statutory requirement that it shall appear therefrom that the defendant is accused of an offense against the laws of this state.

2. SEE THE OPINION for the requisites of a recognizance in a prosecution based on the 1st section of the act of 1873, "for the protection of agricultural interests," making it a misdemeanor "to break, pull down, or injure the fence of another without the consent of the owner or person in possession thereof."

APPEAL from the County Court of Montague. Tried below before the Hon. B. E. GREEN, County Judge.

The penalty imposed by the act of 1873 for violation of any of its provisions is a fine of not less than $10 nor more than $100.

*Grigsby & Willis*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

WHITE, J. One of the four requisites to a recognizance is, "that it appear by the recognizance that the defendant is accused of an offense against the laws of this state." Pasc. Dig., Art. 2731.

The recognizance in this case states the offense with which defendant is charged to be " destroying a fence in

Montague county." This does not charge any offense. The statute upon which the information in the case was predicated is in these words, viz. : " That hereafter it shall be unlawful for any person or persons to break, pull down, or injure the fence or fences of another without the consent of the owner or person in possession thereof." Acts of 1873, p. 41.

The recognizance in this case does not allege that the act was unlawfully done, or negative the idea but that the fence destroyed might have been the property of defendant. A party might break, pull down, or destroy his own fence without being guilty of a violation of law. And, when it is alleged that the fence was the property of another, it should also be averred that it was broken, or pulled down, or injured without the consent of the owner. The motion of the attorney general is sustained, and the appeal is dismissed.

*Dismissed.*